**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lancer Insurance Co., et. al., ) | No. 08-CV-8084-PCT-PGR |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | **ORDER** |
| Western Distributing Co., et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

      Pending before the Court is the unopposed Motion to Consolidate (Doc. 25) the action styled <u>Great American Insurance Company v. Western Distributing Company, et al.</u>, Case No. CIV-08-8150-PCT-FJM with the instant action. After careful consideration, the Court rules the following.

<u>BACKGROUND</u>

      This matter arises from a motor vehicle accident on Interstate 40 outside of Seligman, Arizona, on July 10, 2006. The accident involved a tractor-trailer driven by Ronald Hale, an employee of Western Distributing, and a coach operated by Yue Pang, an employee of Sina International, Inc. dba Sina Coach (hereinafter "Sina").

      On July 7, 2008, Sina and its insurance carrier, Lancer Insurance Company, commenced the instant action. Thereafter, on July 9, 2008, Sina's workers' compensation insurance carrier, Great American Insurance Company, commenced an action in the Superior Court of the State of California in and for the County of San Bernardino, styled <u>Great American Insurance Company v. Western Distributing Transportation Corp., et al.</u>, Case No. CIVSS809149, seeking to recover benefits allegedly paid to Sina's driver, Yue Pang.

Western Distributing then removed the action to the United States District Court for the Central District of California on August 29, 2008, and, pursuant to 28 U.S.C. § 1404(a), filed a Motion for Transfer of Venue. The Central District of California Court granted Western Distributing's Motion and transferred the action to this Court on November 18, 2008.[1]

LAW AND ANALYSIS

A court may consolidate actions that involve a common question of law or fact, and/or would entail substantial duplication of labor or inconsistency in judgments if heard by different Judges. Fed. R. Civ. P., Rule 42(a) and LRCiv 42.1. Decisions regarding consolidation are reviewed for abuse of discretion. See Investors Research Company, et al. v. United States District Court for the Central District of California, 877 F.2d 777 (9th Cir. 1989). The district court has broad discretion under Rule 42(a) to consolidate cases pending in the same district. Id. In exercising its broad discretion to order consolidation of actions, the district court must weigh the saving of time and effort that would be produced by consolidation against any inconvenience, delay, or expense that it would cause. Huene et al. v. U.S. et al., 743 F.2d 703, 704 (9th Cir. 1984).

The two relevant actions undisputedly involve common questions of law and fact related to claims arising out of the accident on July 10, 2006. Consolidating the two actions would be significantly more efficient than trying the cases individually. Consolidation would effectively conserve time and effort and avoid the unnecessary costs to the parties of litigating a separate, second lawsuit. Furthermore, it would eliminate the substantial

---

[1] In its Order, the Central District of California Court specifically found that the separate actions both arose out of the same accident.

- 2 -

1 duplication of labor which would otherwise result from having separate judges hear the cases
2 separately. Finally, it would avoid the risk of potentially inconsistent outcomes. See <u>Huene</u>
3 <u>et al. v. U.S. et al.</u>, 743 F.2d 703, 704 (9th Cir. 1984). The Court agrees with the parties that
4 consolidation of the actions would not result in inconvenience, delay, or expense sufficient
5 to offset the benefit of saving of time, expenses, and effort that would result from
6 consolidating the actions.

Accordingly,

IT IS HEREBY ORDERED GRANTING the Motion to Consolidate (Doc. 25) CIV-08-8150-PCT-FJM with CIV-08-8084-PCT-PGR.

DATED this 12th day of January, 2009.

_____
Paul G. Rosenblatt
United States District Judge